GEORGE PHILIP WAGNER, Respondent, *v.* THE NEW YORK ELEVATED
RAILROAD COMPANY and Another, Appellants.

*Damages to real estate caused by an elevated railroad — requests to find benefits and
advantages in detail — no presumption that evidence was not considered because not
found.*

In an action brought to recover damages to real estate caused by the maintenance
and operation of an elevated railroad, it appeared that the justice before
whom the action was brought acted upon correct principles in making the
award, the essential fact being the depreciation of the fee and rental value of
such premises over and above all benefits and advantages resulting to the same
from the maintenance and operation of the road.

*Held,* that he was not bound to specify, at the request of the defendants, each of
those benefits and advantages in detail ;

That it by no means followed that because he declined to find evidence that he did
not consider it ;

That a judge or referee before whom the action is tried is not bound to find mere
statements of evidence not disputed or disputable.

APPEAL by the defendants, The New York Elevated Railroad
Company and another, from a judgment of the Supreme Court
in favor of the plaintiff, entered in the office of the clerk of the
county of New York on the 24th day of January, 1894, upon the
decision of the court rendered after a trial at the New York Special
Term.

*Ezra A. Tuttle,* for the appellants.

*W. G. Peckham,* for the respondent.

BARRETT, J.:

This appeal presents no new question upon the merits.    The trial
justice awarded reasonable sums for past damages and for injury to
the fee.    The evidence supports his conclusions upon these heads,
and we see no reason, after full consideration of the argument and
brief of counsel, to disturb his judgment.

The main contention of the appellants is that the learned justice
erred in his rulings upon their proposed findings of fact, notably in
refusing to find the seventeenth, eighteenth, twenty-fourth, twenty-
fifth and twenty-sixth.

These proposed findings read as follows:

"17. The fee value of plaintiff's land, exclusive of the buildings, is several thousand dollars more to-day than in 1873.

"18. The fee value of plaintiff's lots, exclusive of the building, has steadily increased since the construction of the defendants' road, and the same is now more valuable than at any time prior to the construction of said road."

"24. Since the building and use of defendants' railroad and station aforesaid in Ninth avenue the property in suit in the neighborhood of the same has come into greater demand for business uses, and such demand has greatly increased the fee value of Ninth avenue property in the locality, including the land described in the complaint.

"25. The presence of the said station constitutes a material element of advantage and benefit to the premises in suit, and increases the availability thereof and the variety of uses to which the same may be profitably put.

"26. The existence and operation of the defendants' railroad in Ninth avenue has rendered the premises in suit far more accessible than they otherwise would be. This increase of accessibility has been a benefit to the plaintiff's property and has increased the value thereof."

There was no error in thus refusing to find as requested. The "seventeenth" was not a request to find a relevant fact, but mere evidence. The same observation applies to the "eighteenth." As to the remaining requests, it is sufficient to say that the learned justice found that the damages awarded consist in the depreciation of rental and fee value over and above all benefits and advantages to the premises, whether general or special, resulting from the maintenance and operation of the defendants' railroad. The following findings were also made:

"*Second.* In determining the question of the existence of the impairment of the fee or rental value of plaintiff's remaining property, the defendants are entitled to have taken into consideration, as against the physical inconvenience occasioned by the interference with the plaintiff's easement of light, air and access, all advantages to the said property, whether general or special in their nature, resulting from the maintenance and operation of defendants' railroad in Ninth avenue and the proximity of its stations.

" *Third.* In proving such an impairment of the fee or rental value of the remaining property as is spoken of in the preceding ruling of law, the burden of proof is upon the plaintiff. Such burden of proof is not sustained by merely showing any fact which is equally consistent with the absence of damage and with its presence.

" *Fourth.* The plaintiff does not sustain the burden of proof by merely showing the direct physical effects of the railroad upon his property. In order to prove substantial consequential damage, he must show that the fee or rental value of the property has so far deviated from the former course of values of such property, determined by general causes, as to give rise to the inference that the disadvantages of the defendants' railroad have preponderated over the advantages.

" *Fifth.* Plaintiff is not entitled to any injunction unless he has proved that the net effect of the defendants' railroad upon his property, as defined in the preceding ruling of law, is injurious to its pecuniary value.

" *Sixth.* The plaintiff is not entitled to recover damages in this action, except to the extent, if any, by which the disadvantages of the defendants' railroad have exceeded the advantages thereof to said premises."

" *Ninth.* No damages can be recovered in this action for any lessening of the value of the premises in question which is due, not to the immediate effects upon said premises of the maintenance and operation of defendants' railroad and the incidents thereof, but to the indirect and remote effect resulting to said property from a change in or limitation of the uses to which other abutting property upon Ninth avenue has been or can be applied, or from a change in the general character and appearance of the street or the general nature of the business there conducted, caused by the effect of defendants' railroad upon such other property."

It thus appears that the learned justice acted upon correct principles in making the award which he did. The essential fact was the depreciation of fee and rental value over and above all benefits and advantages resulting from the maintenance and operation of the road. He was not bound to specify each of these benefits and advantages in detail. That was asking him to find the various evidential matters upon which the claim of benefit and advantage rested.

It by no means follows because the learned justice declined to find evidence that he did not consider it. It is, in fact, apparent from the findings which were made that he fully considered all the evidence adduced by the defendants, and gave them the benefit of every fact which that evidence established. The case upon this head is within the principle of *Steubing* v. *The New York Elevated Railroad Company* (138 N. Y. 658). There a finding was requested substantially like the twenty-sixth under consideration, namely, that the existence of the defendant's station and railway and the maintenance and operation of the same have rendered the premises in suit accessible to the other parts of the city of New York. The court said that this request was properly refused. It was " a mere statement of evidence, not disputed or disputable, which the referee was not bound to find." (P. 661.) Another finding was there requested in these words: " The effect of the proximity of defendant's station at Third avenue and Fifty-third street to the premises in suit is advantageous to the business portion of said premises, and produces a special benefit to the same for business uses."

This finding, it will be observed, is almost in the same words as the twenty-fifth under consideration. In commenting upon it, the court said that " the effect of the proximity of the station to the plaintiff's lots was not the subject of inquiry. The matter to be determined was the effect upon the plaintiff's lots of the construction and maintenance of the railroad in front of the lots, and in determining that the referee was bound to take into consideration the proximity of the station, and all the other facts bearing upon the matter. It cannot be perceived that any harmful error was committed in refusing this request."

As to the requests generally, the language of EARL, J., upon page 662, exactly fits the present case. " It is obvious," he observed, " from the findings actually made that the law was applied as requested, and that the damages awarded appear to have been estimated upon the proper basis."

The appellants point out that in a single instance the learned justice acceded to their request for a finding of mere evidence, and they complain of his inconsistency in not continuing to do so through the sixty-one requests which they submitted to him.

There is nothing in the record to indicate that the learned justice

intended to accede to the appellants' pernicious practice in this regard, and the single instance in question of a departure from the true and scientific rule as to findings was doubtless an oversight. This is not to be wondered at when we consider the mass of specious verbiage put before him. At all events, there is nothing in this one particular finding, or in the fact that it was acceded to, which would justify us in holding that refusals in other instances to find evidence meant that the learned judge did not intend to, and did not, in fact, consider the matter embraced within such proposed findings before reaching the final result.

We think that the judgment appealed from was right, and that it should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.